SAMUEL B. HERDMAN, Treasurer of "The Council of Newark", defendant below, plaintiff in error, *vs.* THE STATE OF DELAWARE, upon the relation of LYNWOOD B. JACOBS, plaintiff below, defendant in error.

1. MANDAMUS—ISSUANCE OF WARRANT—RETURN—SUFFICIENCY.

Under Act. Gen. Assem. March 14, 1913 (27 *Del. Laws, c.* 220), a Sewer Commission for a town was created and authorized to award contracts for the construction of a sewerage disposal plant and a system of sewers. The commission proceeded under the statute, awarded the contract, and the relator, who did the work, presented his bill for the balance due under his contract. The bill was approved, but the treasurer of the town refused to draw his warrant. On issuance of an alternative writ of mandamus to compel the issuance of the warrant, the treasurer made the return that he had not sufficient funds to pay the account, but the minutes of the council showed that there was a balance in his hands more than sufficient to pay the amount due, but it did not appear whether the funds so held were received from sewer assessments and therefore pledged to a certain purpose, or received from sewer connections and available for general purposes. *Held,* that the return failed to show cause for failure to obey the alternative writ, since it did not appear that there was not sufficient money in the hands of the respondent to pay the account.

2. MUNICIPAL CORPORATIONS—IMPROVEMENTS—CONTRACTS—SEWER COMMISSION—POWERS.

Where a contract of a Sewer Commission of a town for the construction of a sewer provided that the commission might deduct a penalty for each day elapsing after the date named for the completion of the contract, it was within the discretion of the commission to make the deduction or not; and where the commission certified the amount due the contractor without deducting such penalty, neither the town treasurer nor the town engineer had a right to say whether the amount should be deducted.

3. MUNICIPAL CORPORATIONS—IMPROVEMENTS—CONTRACTS—DUTIES OF TREASURER.

Where it was within the power of the Sewer Commission of a municipality to determine the amount due a contractor for the construction of a sewer, and it so determined the amount, it was his duty to issue a warrant therefor, whether he had funds sufficient to pay it or not; it then being the duty of the town to arrange for payment.

(*October* 26, 1915.)

CURTIS, Chancellor, and BOYCE and CONRAD, J. J., sitting.
*H. H. Ward* (of *Ward, Gray and Neary*) for plaintiff in error.
*Hugh M. Morris* (of *Saulsbury, Morris and Rodney*) for defendant in error.

Supreme Court, June Term, 1915.

WRIT OF ERROR (No. 1, June Term, 1915), to the Superior Court for New Castle County, on judgment No. 110, November Term, 1914.

Mandamus by the State, on relation of Lynwood B. Jacobs, against Samuel B. Herdman, Treasurer of the Council of Newark. Upon return of the rule to show cause, counsel for respondent consented to the issuance of the alternative writ and accepted service thereof. The return thereto being made, counsel for the relator moved to quash the same, which motion was sustained and the peremptory writ ordered.

From an order sustaining the relator's motion to quash the return to the alternative writ, and for a peremptory writ, respondent excepts and brings error.

The facts and contentions appear in the opinion of the court. See s. c. below in 5 *Boyce* 555, 95 *Atl.* 549.

BOYCE, J., delivering the opinion of the court:
This is a proceeding for mandamus upon the relation of Lynwood B. Jacobs to compel Samuel B. Herdman, Treasurer of the Council of Newark, to issue his warrant to the relator for work and materials in and for the Town of Newark.

For a summary of the facts, much of the statement of counsel for the plaintiff in error, the respondent below, is employed.

By *Chapter* 220, *Volume* 27, *Laws of Delaware*, a Sewer Commission for the Town of Newark was created, the members thereof being named in the statute. Under the provisions of the statute, the commission awarded to the relator a contract for the construction of a sewage disposal plant and a system of sewers for said town.

Upon completion of the work, the relator presented his bill to the Council of Newark, through the Sewer Commission for

five thousand nine hundred and seventy dollars and sixty-two cents, as the balance due him under his contract, taking into account all prior payments thereunder. This bill was approved by two members, being a majority of the commission. The respondent reported that there was a balance in his hands in bank of eight thousand two hundred and twenty-five dollars and ten cents. The relator's bill was presented to the respondent with the request that the latter issue his warrant therefor, which he declined and refused to do.

The petition sets up that there were at the time of the demand by the relator for the issuance of the warrant by the respondent, and at all times since down to the filing of the petition, funds in the custody of the respondent legally applicable to the payment of the warrant so demanded. While admitting most of the averments in the petition to be true, the respondent, in his return to the alternative writ of mandamus, denied that he was required by said statute to issue his warrant for the bill of the relator. The respondent further denied that at the time of the demand of the relator for the issuance of the warrant, or at any time since, there were funds in his hands legally applicable to the payment thereof.

There was a provision in the contract under which the relator was entitled to a premium of twenty-five dollars per day for every day elapsing between the actual finishing of the work and the stipulated period therefor, and under which the relator was subject to a deduction of the same amount for every day during which he delayed the completion of the work after the stipulated period for its completion. It was averred that the relator did not complete the contract within the period stipulated for its completion, but took fifty-nine working days more than the stipulated period to perform his contract, which at twenty-five dollars per day amounted to one thousand four hundred and seventy-five dollars, and that the amount due the relator should have been diminished by that amount.

It was also averred in the return that the chief engineer of the work done and materials furnished by the relator under the contract was required by the contract to make the final estimate

of the amount due the relator, and that the estimate made by the engineer showed that the balance due the relator under the contract was four thousand eight hundred and sixteen dollars and ninety-two cents, instead of five thousand nine hundred and seventy dollars and eighty-two cents; that this estimate finally bound and concluded the relator, as to the amount due him; and that the respondent declined to issue his warrant for the bill presented by the relator, among other reasons because the amount due the relator, as alleged, was only four thousand eight hundred and sixteen dollars and ninety-two cents.

It was further averred that the fund provided for in the statute to pay the relator was the proceeds of certain notes which the statute authorized the Council of Newark to make and have discounted; that the proceeds of such notes was the only fund out of which the relator could be paid under the statute by any action of the Sewer Commission, and that there was in fact not in the hands of the respondent any money, proceeds of the discounting of such notes, with which to pay the balance due the relator and that by reason of the fact that there were no funds in his hands applicable to the claim of the relator, the respondent declined to issue his warrant in settlement of the account of the relator.

Further facts appear in the report of the case in the court below.

Counsel for the relator moved to quash the return to the alternative writ. The motion was sustained, and the peremptory writ was ordered. Counsel for the respondent took a bill of exceptions, followed by a writ of error from this court.

The assignments of error are that the court below erred in finding (1) that the fact that the respondent was the officer who pays the bill could make no difference in the application of the law or the performance of his duty respecting the issuance of the warrant; (2) in finding that it was the duty of the respondent to issue a warrant for the payment of the relator's bill; (3) in finding that a peremptory writ should be issued to compel the performance of the duty of the respondent to issue a warrant for the payment of the relator's bill; (4) in finding that the

respondent below was bound to issue his warrant for five thousand nine hundred and seventy dollars and ninety-two cents, when according to the final estimate certified by the engineer, the amount due the relator was only four thousand eight hundred and sixteen dollars and ninety-two cents; (5) in ordering that the motion to quash the return be sustained; (6) in ordering that the return to the alternative writ of mandamus be quashed; and (7) in ordering that the peremptory writ of mandamus issue.

Under these assignments of error it was argued that the court by ordering the peremptory writ, if obeyed, compelled the respondent to draw a warrant to pay an amount not due the relator and precluded the Town of Newark from contesting the claim of the relator, and from settling with him for the amount actually due him under his contract. It was also urged that the peremptory writ, if obeyed, compelled the respondent to issue his warrant, which amounted, as a matter of fact, to a check against himself as treasurer, when there was no money or funds in his hands applicable to such warrant, the statute creating the commission having provided a special fund out of which such warrant could alone be paid and upon which it could be drawn.

[1] In the petition, it was alleged that there were funds in the hands of the respondent, legally applicable to the payment of the sum of money claimed to be due the relator. This was denied in the return to the alternative writ. The petition, however, contained as "Exhibit A" a copy of the minutes of the meeting of the Sewer Commission, on October 27, A. D. 1914, at which the amount due the relator was fixed, and from such minutes it was shown by the respondent that the balance in his hands in bank was eight thousand two hundred and twenty-five dollars and ten cents. By the return it is averred that this sum consisted solely of the proceeds of sewer assessments and sewer connections authorized by the statute. But the return fails to show what portion thereof belongs to sewer assessments and what portion belongs to sewer connections. Funds received from sewer assessments are by the statute pledged to repayment of the notes issued under the provisions of the statute, but funds received from sewer connections are not so pledged, so that if

Opinion.

the absence of funds in the hands of the respondent, legally applicable to the payment of the relator's claim, be of any vital importance, which we fail to see, it does not sufficiently appear that funds then in the hands of the respondent received from sewer connections, or any other funds applicable, may not have been sufficient to pay the claim; and this constitutes a, fatal modification of the averment in the respondent's return that he had not funds legally applicable to the relator's claim. By authority of *State ex rel. Bank of Delaware v. Jessup & Moore Paper Co.*, 4 *Boyce*, 248, 88 *Atl.* 449, the return is in this respect insufficient, for it does not show a clear reason by distinct averments why the alternative writ was not obeyed.

[2] Again, by paragraph R of the contract with the relator, the sewer commission is authorized to deduct twenty-five dollars for each day which shall elapse after the period fixed in the contract for the completion of the work, and for each day prior to the date so fixed, which shall elapse after the work is completed, the commission shall pay the relator twenty-five dollars in addition to other sums to which he may be entitled. In short, the commission may deduct twenty-five dollars per day for each day's delay in completion, and shall pay a bonus of twenty-five dollars for each day's anticipation of completion. The two things have no bearing on each other. The discretion to deduct a *per diem* payment for delay is that of the commission, and not of the engineer, whose duty it was to certify the amount due for the work done and materials furnished by the contractor. Neither the respondent nor the engineer had any voice in, or control of, this discretion; and the respondent could not refuse to issue, or pay, the warrant because the commission had decided not to impose a penalty, or deduct an amount as liquidated damages for delay in completing the work. It is, therefore, immaterial whether the deduction authorized for such delay was a penalty or liquidated damages. It was settled conclusively by a majority of the commission, as they had authority to do, under the statute, that five thousand nine hundred and seventy dollars and sixty-two cents was due the relator, and the Town of Newark was and is bound to pay it from some source. Indeed, it was practi-

cally conceded by counsel for the respondent that whatever is due the relator could be collected from the town in some proceeding.

[3] In view of our conclusions that the Sewer Commission acted within its powers in fixing the amount due the relator, and that the amount so fixed became a debt due him collectible by him from the town, it became the duty of the respondent, under the statute, to issue his warrant therefor, regardless of the fact whether he had or had not funds in hand applicable to the payment thereof, and then for the town to provide for the payment of the same.

We are unanimously of the opinion that the judgment of the court below, quashing the return to the alternative writ, and ordering the peremptory writ should be affirmed. Upon our view of the case as expressed, we deem it unnecessary to review the opinion of the court below, or to pass upon other questions raised by counsel for the respective parties.

The judgment of the court below is affirmed with costs on the plaintiff in error.